# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **ROGER KINSLEY,** § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> **SANDBOX TRANSPORTATION, LLC** § <br> § <br> *Defendant.* § <br> § | § <br> § <br> § <br> § <br> **Civil Action No. _____** <br> § <br> § <br> § **JURY TRIAL DEMANDED** <br> § <br> § <br> § |

## ORIGINAL COMPLAINT

Roger Kinsley ("Plaintiff" or "Kinsley") brings this action against SandBox Transportation, LLC ("SandBox") for unpaid overtime wages, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, pursuant to Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts"), and pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

## I.
## OVERVIEW

1. This lawsuit seeks unpaid overtime wages and all applicable damages and penalties pursuant to the FLSA, the Ohio Acts and the PMWA.

2. Plaintiff was a non-exempt employee who was paid an hourly rate and no overtime compensation.

3. Plaintiff routinely worked in excess of forty (40) hours per workweek; however, Plaintiff was not paid overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours each workweek.

4. The decision by SandBox not to pay overtime compensation to Plaintiff was neither reasonable nor in good faith.

5. SandBox knowingly and deliberately failed to compensate Plaintiff overtime for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff did not perform work that meets the definition of exempt work under the FLSA.

7. Plaintiff therefore seeks to recover all unpaid overtime and other damages owed under the FLSA, the Ohio Acts and the PMWA.

## II.
## THE PARTIES

8. Plaintiff Roger Kinsley ("Kinsley") worked for SandBox during the relevant time period. Plaintiff Kinsley did not receive overtime compensation for all hours worked in excess of forty (40) hours each workweek.

9. SandBox Transportation, LLC ("SandBox") is a Texas limited liability company and may be served through its registered agent for service of process: **C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.**

## III.
## JURISDICTION & VENUE

10. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq*.

11. This Court has supplemental jurisdiction over the additional Ohio Acts and PMWA claims pursuant to 28 U.S.C. § 1367(a).

12. This Court has personal jurisdiction over Sandbox because the cause of action arose within this District as a result of SandBox's conduct within this District.

13. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

14. Specifically, SandBox maintains its corporate headquarters in Houston, Harris County, Texas, which is within this District and Division.

15. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

16. SandBox is a trucking company headquartered in Houston, Texas and provides local sand, rock, gravel, and asphalt hauling and delivery services to the oil and gas industry throughout the United States.[1]

17. SandBox's primary service is the coordination of drilling sand and other materials into the oil fields throughout the United States.

18. Plaintiff Kinsley worked for SandBox in West Virginia, Ohio and Pennsylvania as a Yard Hand from approximately September 2016 until September 2017 and as a Fork Lift/Equipment Operator from approximately September 2017 until July 2018.

19. As a Yard Hand, Plaintiff Kinsley operated a front loader and installed cameras and CB radios.

20. As a Yard Hand, Plaintiff Kinsley was paid anywhere from $12.00 per hour worked to $15.00 per hour worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

---

[1] http://www.sandboxlogistics.com/sandbox_process.php.

21. As a Fork Lift/Equipment Operator, Plaintiff Kinsley operated a fork lift to unload and stack the boxes of sand delivered by truck to the wellsite. Plaintiff Kinsley also helped load the sand into the blender for use as a proppant.

22. As a Fork Lift/Equipment Operator, Plaintiff Kinsley was paid $21.00 per hour worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

23. The FLSA, the Ohio Acts and the PMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

24. Under the Ohio Acts, overtime shall be paid in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the FLSA. O.R.C. § 4111.03(A).

25. Under the PMWA, regular rate shall include all remuneration for employment paid to or on behalf of the employee, with exceptions that are inapplicable here. 34 Pa. Code § 231.43.

26. Plaintiff Kinsley regularly worked in excess of forty (40) hours per week without receiving overtime compensation for all weeks in which she worked more than forty (40) hours.

27. Accordingly, SandBox's pay policies and practices blatantly violated the FLSA, the Ohio Acts and the PMWA.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Violations of the FLSA)

**A.    FLSA COVERAGE**

28. All previous paragraphs are incorporated as though fully set forth herein.

29. At all times hereinafter mentioned, SandBox has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

30. At all times hereinafter mentioned, SandBox has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

31. At all times hereinafter mentioned, SandBox has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

32. During Plaintiff's employment with SandBox, he provided services for SandBox that involved interstate commerce for purposes of the FLSA.

33. In performing the operations hereinabove described, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

34. Specifically, Plaintiff was a **_non-exempt_** employee who worked for SandBox during the relevant time period and was engaged in oilfield services that were directly essential to the production of goods for SandBox and related oil and gas companies. 29 U.S.C. § 203(j).

35. At all times hereinafter mentioned, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

36. In violating the FLSA, SandBox acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

37. All previous paragraphs are incorporated as though fully set forth herein.

38. SandBox violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

39. Plaintiff has suffered damages and continues to suffer damages as a result of SandBox's acts or omissions as described herein; though SandBox is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

40. Moreover, SandBox knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff overtime compensation. 29 U.S.C. § 255(a).

41. SandBox knew or should have known its pay practices were in violation of the FLSA.

42. SandBox is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

43. Plaintiff, on the other hand, is an unsophisticated laborer who trusted SandBox to pay overtime in accordance with the law.

44. The decision and practice by SandBox to not pay overtime was neither reasonable nor in good faith.

45. Accordingly, Plaintiff is entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times her regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## COUNT TWO
**(Violations of the Ohio Acts)**

A. **OHIO ACTS COVERAGE**

46. All previous paragraphs are incorporated as though fully set forth herein.

47. At all times hereinafter mentioned, Sandbox has been an employer within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(2).

48. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(3).

49. Plaintiff was employed by Sandbox during the relevant time period, entitled to the protections of the Ohio Acts and was not exempt from the protections of the Ohio Acts.

50. The employer, Sandbox, is not exempt from paying overtime benefits under the Ohio Acts.

B.   **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OHIO ACTS**

51. All previous paragraphs are incorporated as though fully set forth herein.

52. The OMFWSA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

53. The OPPA requires that Sandbox pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month.

54. Plaintiff was employed by Sandbox during the relevant time period and was a covered employee entitled to the protections of the Ohio Acts.

55. Sandbox is an employer covered by the requirements set forth in the Ohio Acts.

56. Plaintiff was not exempt from receiving overtime benefits under the Ohio Acts.

57. Plaintiff worked more than forty (40) hours in workweeks during times relevant to this case, however, Sandbox violated the Ohio Acts by failing to pay Plaintiff any overtime premium for hours worked over forty (40) per week.

58. Plaintiff was were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

59. The wages of Plaintiff remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

60. Plaintiff has suffered damages and continues to suffer damages as a result of Sandbox's acts or omissions as described herein; though Sandbox is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

61. In violating the Ohio Acts, Sandbox acted willfully, without a good faith basis, and with reckless disregard of applicable Ohio law.

## COUNT THREE
### (Violations of the PMWA)

**A.  PMWA COVERAGE**

62. All previous paragraphs are incorporated as though fully set forth herein.

63. At all times hereinafter mentioned, Sandbox has been an employer within the meaning of the PMWA, 43 P.S. § 333.103(f).

64. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of the PMWA, 43 P.S. § 333.103(g).

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PMWA**

65. All previous paragraphs are incorporated as though fully set forth herein.

66. The PMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

67. Plaintiff was not exempt from receiving overtime benefits under the PMWA.

68. Plaintiff worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Sandbox violated the PMWA by failing to pay Plaintiff any overtime premium for hours worked over forty (40) per week.

69. Plaintiff has suffered damages and continues to suffer damages as a result of Sandbox's acts or omissions as described herein; though Sandbox is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

70. In violating the PMWA, Sandbox acted willfully, without a good faith basis and with reckless disregard of clearly applicable Pennsylvania law.

## VI.
## RELIEF SOUGHT

71. Plaintiff respectfully prays for judgment against Sandbox as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Sandbox liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order pursuant to the Ohio Acts awarding Plaintiff his unpaid overtime and other damages allowed by law;

c. For an Order pursuant to the PMWA awarding Plaintiff his unpaid overtime and other damages allowed by law;

d. For an Order awarding the costs and expenses of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order awarding Plaintiff Kinsley a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of Sandbox, at Sandbox's own expense; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: September 24, 2018  Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff Kinsley***